**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**ISAIAH MALDONADO,**
**individually, and as Guardian and**
**Next Friend of Jane Doe 1, a minor child**
**and**
**TONYA MALDONADO,**
**individually, and as Guardian and**
**Next Friend of Jane Doe 2, a minor child,**

     **Plaintiffs,**

**v.**                                                                                      **No. 19-cv-1207 KG/SMV**

**FRANK RAMOS ARIAS and**
**SILVER CITY CONSOLIDATED SCHOOLS,**

     **Defendants.**

**MAGISTRATE JUDGE'S**
**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before me on the parties' Joint Motion for Approval of Minors' Settlement, [Doc. 35], filed on September 15, 2020. The Honorable Kenneth J. Gonzales, United States District Judge, referred this matter to me for analysis and a recommended disposition on September 18, 2020. [Doc. 36]. Having considered the Joint Motion, the Guardian *ad Litem*'s Report [Doc. 34], the testimony and argument presented at the fairness hearing on October 26, 2020, the relevant portions of the record, and the relevant law, and being otherwise fully advised in the premises, I find that the settlement should be approved.

I have reviewed the file, the Joint Motion, and the GAL's Report, [Doc. 34]. I have familiarized myself with the factual and legal issues, considered counsel's representations and the sworn testimony of the minor children's parent and next friends at the fairness hearing on

October 26, 2020. The GAL's Report reflects that he conducted a reasonable and thorough investigation. In light of the record thus developed, I find that the proposed settlement was negotiated honestly and fairly, that serious questions of law and fact place the ultimate outcome of the litigation in doubt, that the value of a swift and certain recovery outweighs the possibility of greater future relief after lengthy and costly litigation, and that the settlement is fair and reasonable in its effect in light of Plaintiffs' claims and damages, Defendants' defenses, the burdens of ongoing litigation, and the unpredictability of a jury trial. *See Jones v. Nuclear Pharm., Inc.*, 741 F2d 322, 324 (10th Cir. 1984).

For the reasons stated on the record at the fairness hearing, I specifically find that the proposed distribution of the settlement proceeds is fair and reasonable, and that the funds to be disbursed on each minor child's behalf will be reserved for that child's sole benefit and use. The attorneys' fees to be deducted from the settlement proceeds are considerably less than the standard contingency fee. I find that these terms of the proposed settlement are fair and reasonable.

For all the above reasons, I recommend that the presiding judge grant the Joint Motion for Approval of Minors' Settlement, [Doc. 35], and approve the settlement. At the fairness hearing, the parties were reminded of their right to object under 28 U.S.C. § 636(b)(1), stated their intention to file no objection, and waived the 14-day objection period.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that the Joint Motion for Approval of Minors' Settlement, [Doc. 35], be **GRANTED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

2